Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3596 | **DATE** | 9/13/2001 |
| **CASE TITLE** | Maria Navarro vs. UIC Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The motion to dismiss under Fed. R. Civ. P. 12(b)(6) is denied, and the Board of Trustees of the University of Illinois is substituted as a defendant in this action, and it is ordered to file an answer to the complaint in this Court's chambers on or before September 21, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | FOR DOCKETING 01 SEP 14 PM 4: 35 | 9/14/2001 date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA NAVARRO,                  )
                                )
            Plaintiff,          )
                                )
    v.                          )     No. 01 C 3596
                                )
UIC MEDICAL CENTER,             )
                                )
            Defendant.          )

MEMORANDUM OPINION AND ORDER[1]

After Maria Navarro ("Navarro") filed a self-prepared Complaint of Employment Discrimination[2] against her employer that she designated as "UIC Medical Center," this Court promptly appointed this member of the trial bar to represent Navarro pro bono publico:

> Jody Pravecek
> Cogan & McNabola, P.C.
> 55 West Wacker Drive, 9th Floor
> Chicago IL 60601
> 312.629.2900

After service of the Complaint and summons, defense counsel

---

[1] This opinion had been dictated early in the morning (before the opening of court) on September 11, in the anticipation that it would be transcribed and delivered to counsel later the same day. When the tragic events of that morning caused the closing of the federal courts here at 9:30 a.m., with the courts then remaining closed on September 12, the transcription and delivery have been delayed to September 13. That however is sufficient time to head off counsel's appearance in court for the proposed presentment of the motion dealt with in the text.

[2] To be more precise, Navarro used the preprinted form supplied for pro se litigants by this District Court's Clerk's Office, filling in the blanks in handwriting.

Vincent Pinelli, Esq. ("Pinelli") requested and was granted an extension of time to answer or otherwise plead to the Complaint, having advanced several reasons that added time was needed.

Now defense counsel Pinelli has served notice of the proposed presentment of a motion to dismiss the Complaint, coupled with an accompanying memorandum of law. Not only has that violated a fundamental rule by having been served on Navarro alone rather than her lawyer (can it be that defense counsel failed to check the court file?), but the motion's most fundamental attack on the Complaint is without support in the law. Accordingly, the motion to dismiss under Fed. R. Civ. P. ("Rule") 12(b)(6) is denied, the Board of Trustees of the University of Illinois ("Board of Trustees") is substituted as defendant in this action, and it is ordered to file an answer to the Complaint in this Court's chambers (with a copy served on Navarro's counsel) on or before September 21, 2001.

It should be made clear at the outset that pro se plaintiff Navarro's mistaken (but understandable) error in naming the correct defendant is not fatal. It is quite true that the Medical Center is not a suable entity as defense counsel asserts, but Rule 15(c) expressly permits the making of a change to name the proper party defendant, and that same Rule provides for relation back of that change to the date of Navarro's original Complaint. This Court is simply treating the Complaint sua

2

sponte as having been amended by substituting the already-mentioned Board of Trustees for UIC Medical Center wherever the latter name appears.

To turn to the substantive challenge to Navarro's Complaint, defense counsel seeks to invoke Eleventh Amendment immunity as the basis for dismissal. Although <u>Kimel v. Florida Bd. of Regents</u>, 528 U.S. 62 (2000) has held that the extension of the Age Discrimination in Employment Act to state governments could not override Eleventh Amendment immunity and <u>Board of Trustees of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 121 S.Ct. 955 (2001) has ruled the same way as to the Americans with Disabilities Act, those holdings do <u>not</u> extend to Navarro's claims, which are brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981-- assertions of employment discrimination based on her color, sex and national origin. Indeed, both of those decisions refer expressly to the quarter-century-old decision in <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445 (1976), which <u>upheld</u> the constitutionality of Title VII against an identical Eleventh Amendment attack, as still-existing precedent totally distinguishable from the different types of employment discrimination at issue in the more recent cases (see <u>Kimel</u>, 528 U.S. at 80 and <u>Garrett</u>, 121 S.Ct. at 962).[3]

---

[3] It is worth noting that <u>Fitzpatrick</u> was written for the Court by then Justice (now Chief Justice) Rehnquist, who has since authored <u>Garrett</u> and was part of the five-Justice majority

3

It may be that the crabbed view of the Fourteenth Amendment displayed by the five-Justice majority in <u>Kimel</u> and <u>Garrett</u> may one day overrule <u>Fitzpatrick</u>, thus gutting that Amendment sufficiently to undo the salutary effects of Title VII against impermissible discrimination by States and their institutions. But that date fortunately has not yet arrived.[4] Until then, claims such as Navarro's will remain viable. As stated earlier, the Rule 12(b)(6) motion is denied, and the Board of Trustees is ordered promptly to file its answer to Navarro's Complaint on the previously-stated timetable.

*Milton I. Shadur*
Senior United States District Judge

Date: September 13, 2001

---

in <u>Kimel</u>.

[4] If the Board of Trustees had retained the Attorney General's Office, the State's chief counsel, to represent it, that office would surely have been expected to know that the Supreme Court has held precisely the opposite of what the current motion has urged. And the choice of private counsel in no way lessens the obligation to know the law that has been firmly entrenched for so long, and that has actually been reconfirmed in two recent decisions that have expanded the reach of the Eleventh Amendment in substantively different contexts.

4