Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3596 | **DATE** | 9/24/2001 |
| **CASE TITLE** | Maria Navarro vs. UIC Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Board of Trustees' motion for reconsideration is denied, except to the extent that it challenges any attempted claim by Navarro under Section 1983, which claim is dismissed. Board of Trustees is once again ordered to file an answer to the Complaint in this Court's chambers on or before October 1, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | SEP 25 2001 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 9/24/2001 date mailed notice |
| SN courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

Document Number 16

FILED FOR DOCKETING
01 SEP 24 PM 3: 50

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA NAVARRO,           )
                         )
         Plaintiff,      )
                         )
    v.                   )    No.  01 C 3596
                         )
UIC MEDICAL CENTER,      )
                         )
         Defendant.      )

## MEMORANDUM OPINION AND ORDER

This Court's September 13, 2001 memorandum opinion and order ("Opinion")[1] rejected the then-tendered effort of counsel for the Board of Trustees of the University of Illinois ("Board of Trustees")[2] to dismiss, on Eleventh Amendment immunity grounds, both the Complaint of Employment Discrimination and this action brought against it by its ex-employee Maria Navarro ("Navarro"). Nothing daunted, Board of Trustees' counsel has now served notice of the proposed presentment of a motion for reconsideration and--once again--a supporting memorandum of law, though in this instance the memorandum is far more extensive than the one submitted earlier.

---

[1] As Opinion 1 n.1 reflected, it had originally been dictated early in the morning on September 11, but its transcription was delayed by the tragic events of that morning.

[2] Because this action had originally been filed pro se by Navarro, the Complaint had understandably named "UIC Medical Center" (which Navarro believed to have been her former employer) as defendant. In part Opinion 2-3 addressed that erroneous designation sua sponte and ordered Board of Trustees to be substituted as the proper defendant.

What Board of Trustees' counsel has identified in that current filing is not any claimed misapprehension on the part of this Court as to the issues involved, but rather a disagreement with this Court's holding that neither Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) nor Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 121 S.Ct. 955 (2001)(nor any other case, for that matter) undercuts the continuing viability of Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), which upheld the constitutionality of Title VII against an identical Eleventh Amendment attack (accord, Liberles v. County of Cook, 709 F.2d 1122, 1135 (7th Cir. 1983); cf. United States v. City of Chicago, 573 F.2d 416, 423 (7th Cir. 1978)). Because such a substantive disagreement is not a proper ground for a motion to reconsider (in which respect the felicitous explanation in Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) has been reconfirmed by opinions of this Court and--more importantly--of our Court of Appeals too often to require citation), this opinion might well stop by simply denying the motion for reconsideration on that procedural ground alone.

But Board of Trustees' counsel explains (Mem. 2) that the motion is advanced to avoid the prospect of waiver that had defeated a like Eleventh Amendment argument in Varner v. Illinois State Univ., 226 F.3d 927, 936-37 (7th Cir. 2000). So this opinion will go on to address the merits for a second time.

2

Whatever this Court's view may be of the contraction of previously understood congressional power by a five-Justice majority in Kimel and Garrett, it is of course duty bound to conform to those authorities--and it will (equally of course) do so wherever they apply. But as Opinion 3 pointed out (albeit succinctly), those opinions have themselves expressly reconfirmed the continuing authority of Fitzpatrick. And what Board of Trustees' counsel has ignored entirely is that the doctrine that requires legislation that bars age-based and disability-based discrimination to be subjected to rational-basis review does not extend to the very different jurisprudential yardstick that applies to discriminatory governmental conduct that is based on race or gender (see Kimel, 528 U.S. at 83-84), as to which types of discrimination Section 5 of the Fourteenth Amendment provides solid underpinning for Title VII.

Indeed, the position that this Court marked out in the Opinion--firmly grounded as it was in still-controlling United States Supreme Court precedent--has been further buttressed by a decision from our Court of Appeals that came down just two weeks ago. In one of the particularly fortuitous instances of serendipity that judges encounter with surprising frequency, this week's issue of United States Law Week arrived in this Court's chambers on the very same day as Board of Trustees' current notice of motion. And that issue (70 U.S.L.W. 1153) carries a

report of the opinion in <u>Cherry v. University of Wis. Sys. Bd. of Regents</u>, No. 00-2435, 2001 WL 1028282, at *6-*8 (7th Cir. Sept. 7), which bears directly on the issue here.[3]

As stated in the preceding paragraph, <u>Cherry</u> reconfirms the substantive conclusion reached by this Court in the Opinion, thus calling for the swift denial of the principal part of Board of Trustees' current motion for reconsideration. There is however one respect in which that motion must be granted. That has to do with the fact that pro se litigant Navarro had checked the "Yes" box in the printed Complaint form's Paragraph 10, which reads:

> The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

In that regard Board of Trustees is right in invoking the teaching of <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) that the State of Illinois (and hence Board of Trustees) is not a "person" within the meaning of Section 1983. So to the extent that Navarro would hope to call on Section 1983

---

[3] At the time that this Court dictated the Opinion, <u>Cherry</u> had not yet reached the reproduction stage of the electronic services so as to be capable of recapture via a Westlaw search, nor had the weekly packet of Seventh Circuit opinions that would have included the <u>Cherry</u> slip opinion been delivered to this Court's chambers. In any event, the opinion is now readily available to any researcher, and it is troubling that Board of Trustees' otherwise thorough memorandum of law reflects no awareness of its existence. After all, a Westlaw or LEXIS search of cases citing <u>Kimel</u> or <u>Garrett</u> would immediately have turned up <u>Cherry</u>--and any lawyer preparing a legal memorandum is expected to conduct such a search of any cases that he or she cites.

as an added predicate for relief, she must fail.

Accordingly Board of Trustees' motion for reconsideration is denied, except to the extent that it challenges any attempted claim by Navarro under Section 1983, which claim is dismissed. Board of Trustees is once again ordered to file an <u>answer</u> to the Complaint (as so limited) in this Court's chambers, with a copy to be served on Navarro's counsel, on or before October 1, 2001.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 24, 2001